DECISION
Plaintiffs appeal concerns certain personal property penalty matters for the 2008-09 tax year on Account P2156790. A case management conference was held March 31, 2009. Debra Adkins, Senior Staff Accountant, appeared for Plaintiff. Representing Defendant were Vickie Ellinwood and Corey Henkleman.
 I. STATEMENT OF FACTS
Plaintiff owns taxable personal property in Washington County. Plaintiff has a business and is required to file annual personal property returns by March 1 of each year. For tax year 2008-09, a personal property return was not submitted.
Because the return was not submitted before August 1, the county assessed a penalty of 50 percent. Plaintiff was given notice of those fees by way of an omitted property notice dated December 16, 2008. The amount at issue is $3,542.14. Plaintiff requests the penalty be reduced to 15 percent. *Page 2 
Plaintiff's representative stated the company was unaware of the tax and that it should have been earlier informed by Defendant or some other organization. In its Complaint, Plaintiff's owner wrote to the court:
 "We did not receive the notice timely so timely filing was not possible due to the current circumstances. * * * This was our first time filing with your county."
(Ptf's Compl at 1.)
 II. ANALYSIS
ORS 308.290(1)(a)[1] requires a business to file a personal property tax return by March 1. The statute goes on to state that, if a party fails to file a return by the March 1 deadline, it "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4), the applicable provision, states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiff admittedly did not file its return before August 1, 2008. Pursuant to the statute, it is responsible for a 50 percent penalty. Plaintiff claims, however, it should be excused from the penalty because of circumstances beyond its immediate control.
ORS 311.223(4) allows waiver of a late-filing penalty when there is good and sufficient cause to waive the penalty. In such cases involving omitted property assessments, this court has the power to waive or reduce that penalty. The Plaintiff must provide a proper showing of good and sufficient cause. *Page 3 
ORS 305.288(5)(b) defines what constitutes good and sufficient cause:
"`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
The sole reason offered for the failure to file is lack of knowledge of the legal requirements. That specifically does not constitute a valid reason to compromise the statutory penalty. Nor does the failure to receive a personal property form relieve an owner of the obligation to submit an annual inventory listing.
 III. CONCLUSION
Plaintiffs failure to file a personal property return for tax year 2008-09 was not due to causes beyond its immediate control. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this _____ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on June 4,2009. The Court filed and entered this document on June 4, 2009.
[1] All references to the Oregon Revised Statutes are to 2007. *Page 1